IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TRACY L. TODD,                         :        CIVIL NO. 1:CV-06-0169
        Plaintiff,               :
                                       :        (Chief Judge Kane)
     v.                              :
                                       :
JAMES L. GRACE, et al.,                :
        Defendants               :

**MEMORANDUM and ORDER**

**I.**     **Background**

Plaintiff Tracy L. Todd filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2006. At that time, Todd was an inmate confined at the State Correctional Institution at Rockview, Pennsylvania. Todd has since been released from prison and resides in Pittsburgh, Pennsylvania. The incidents set forth in the complaint occurred while Plaintiff was confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania. Named as Defendants are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC") and the following members of the staff at SCI-Huntingdon: James L. Grace, Warden; Shane Tryweek, Correctional Officer and Diana Baney, Grievance Coordinator. Also named are the following employees of a contracted health care provider: Olga Beregovskaya, Angels Auman and D. Mills. In the complaint, Plaintiff sets forth various Eighth Amendment claims including excessive force, deprivation of food, and inadequate medical care. He also alleges that he was denied access to the courts and subjected to discrimination. As relief he seeks monetary damages. Presently pending before the Court are a "Motion to Dismiss less than all of Plaintiff's claims" (Doc. 12) filed by Defendants Grace, Beard, Baney and Tryweek. Also pending is a motion to dismiss the complaint filed by the three (3) medical defendants. (Doc. 16.) Before the Court is also Plaintiff's motion for

default judgment against the medical defendants (Doc. 15) and his motion for the appointment of counsel (Doc. 21). All motions are ripe for consideration by the Court. For the reasons that follow, these motions will be dismissed without prejudice to renew, and Plaintiff afforded twenty(20) days within which to submit the full filing fee in this action. His failure to do so will result in the dismissal of this action pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g).

**II.     Allegations in Complaint**

Plaintiff alleges that during the course of a cell check on or around January 24, 2004, Defendant Tryweek pushed him while he was being handcuffed from behind. As a result, Plaintiff hit his head on the floor and also injured his back and neck. Thereafter, Tryweek and another unnamed officer handcuffed one of Plaintiff's legs to the celldoor and conducted a search of the cell. Plaintiff claims that both individuals began throwing away Plaintiff's Jewish books while making racist remarks to him. He further contends that he was denied the first two meals of that day by the same two officers.

Plaintiff holds Defendant Beard responsible as he is in charge of the overall operation of the DOC and claims that Defendant Grace, as warden during the relevant time period, had personal knowledge of the events that took place. Grace is further alleged to have returned Plaintiff's grievances so that he could not appeal the matter further. Defendant Baney is alleged to have "deliberately blocked" Plaintiff's access to the courts by failing to reply to his grievances or not send all necessary papers back to him so that he could file appeals.

It is further alleged that the medical defendants failed to provide Plaintiff with adequate medical care following the assault. It is Plaintiff's belief their actions were based upon his race, the cost involved in providing treatment and Defendants' desire "to help" the RHU staff. He claims that

2

there were times he signed up for sick call, paid money and was still denied treatment.  He contends that Defendant Mills made racist remarks to him because he is black.

**III.	Discussion**

The Prison Litigation Reform Act of 1996 ("PLRA"), in an effort to halt the filing of frivolous inmate litigation, enacted what is commonly referred to as the "three strikes" provision. Codified at 28 U.S.C. § 1915(g), the "three strikes"rule provides that an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in a civil action in forma pauperis "unless the prisoner is in imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g). The "three strikes" provision does not bar disqualified inmates from filing additional actions, but it does deny them the opportunity to proceed under in forma pauperis, requiring the inmates to pay the full filing fee prior to commencing suit.

In this case, Plaintiff filed a motion to proceed in forma pauperis and an authorization form. Thereafter, the Clerk of Court issued an Administrative Order on January 23, 2006.[1] Service of the complaint was directed on February 15, 2006, and the matter has been proceeding ever since. Pending are the motion for default, motion for counsel and two motions to dismiss referenced above. However, in reviewing the matter, it was recently discovered by the Court that prior to instituting this action Plaintiff has, on at least five (5) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  See Todd v. Benning, et al., Civil No. 03-CV-0986 (W.D. Pa. Feb. 18, 2004); Todd v. Benning, et al., Civil No. 03-CV-1060

---

[1] As of this date, it does not appear that any funds were ever deducted from Plaintiff's inmate account while he was still confined in payment toward the filing fee in this action.

(W.D. Pa. Feb. 9, 2004); Todd v. Johnson, et al., Civil No. 04-CV-0247 (W.D. Pa. July 25, 2004); Todd v. Benning, et al., No. 04-1603 (3d Cir. Oct. 7, 2004); Todd v. Johnson, et al., No. 04-3534 (3d Cir. Jan. 25, 2005). Plaintiff is thus barred by 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this action.    While there exists the "imminent danger" exception to § 1915(g)'s "three strikes" rule, it is clearly inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), cert. denied, 533 U.S. 953 (2001).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  In the instant case, Plaintiff alleges he was subjected to excessive force with regard to an incident that occurred on January 24, 2004, and was denied medical treatment with regard to the injuries sustained from the incident.  He did not even file this complaint until almost two (2) years later.  Further, the alleged violations occurred at SCI-Huntingdon and, at the time the complaint was filed, Plaintiff was then confined at the State Correctional Institution at Rockview.  Nowhere in the complaint does Plaintiff suggest that he is under imminent danger of serious physical injury.  More importantly, it cannot be argued he was under any such danger at the time the complaint was filed since he was then at a different prison and he waited almost two years following the incident to file this action.

Based upon the present posture of this case, the Court will not outright dismiss the complaint on the basis of the Three Strikes provision and close this case.  Because Plaintiff waited until almost the last day of the statute of limitations period to file his complaint in this action, he would now be barred with respect to any new complaint he attempted to file asserting these claims.  Rather, the

Court will dismiss without prejudice to renew all motions presently pending in this action, and afford Plaintiff twenty (20) days within which to submit the full filing fee. If he fails to do so, the action will be dismissed pursuant to 28 U.S.C. § 1915(g).

**IV.    Order**

   **AND NOW,** this 6th day of March, 2007, in accordance with the foregoing Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The Administrative Order issued in this case on January 23, 2006 (Doc. 6) is hereby vacated. Within twenty (20) days from the date of this Order, Plaintiff shall submit the full filing fee in this action. The failure to do so will result in the dismissal of the complaint pursuant to the provisions of 28 U.S.C. § 1915(g).

2. All pending motions (Docs. 12, 15, 16, 21) are dismissed without prejudice to renew the motions following Plaintiff's submission of the full filing fee in this action.

   S/ Yvette Kane
   YVETTE KANE, Chief Judge
   Middle District of Pennsylvania