IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY L. TODD, | : | CIVIL NO. 1:CV-06-0169 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JAMES L. GRACE, et al., | : | |
| Defendants | : | |

## MEMORANDUM and ORDER

**I.    Background**

Plaintiff Tracy L. Todd filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 23, 2006. At that time, Todd was an inmate confined at the State Correctional Institution at Rockview, Pennsylvania. Todd was released from prison on July 1, 2006. His last know address provided to the Court was in Pittsburgh, Pennsylvania. The incidents set forth in the complaint occurred while Plaintiff was confined at the State Correctional Institution at Huntingdon ("SCI-Huntingdon"), Pennsylvania. Named as Defendants are Jeffrey A. Beard, Secretary of the Department of Corrections ("DOC") and the following members of the staff at SCI-Huntingdon: James L. Grace, Warden; Shane Tryweek, Correctional Officer and Diana Baney, Grievance Coordinator. Also named are the following employees of a contracted health care provider: Olga Beregovskaya, Angels Auman and D. Mills. In the complaint, Plaintiff sets forth various Eighth Amendment claims including excessive force, deprivation of food, and inadequate medical care. He also alleges that he was denied access to the courts and subjected to discrimination. As relief he seeks monetary damages. On March 6, 2007, an Order was issued vacating the Administrative Order previously issued in this case and affording Plaintiff twenty (20) days to submit the full filing fee in this matter. (Doc. 35.) He was warned that the failure to do so would result in the dismissal of his

action pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g).[1]  The copy of the Memorandum and Order sent to Plaintiff was returned to the Court as undeliverable on March 16, 2007.  (Doc. 36.) The envelope was marked "Return to Sender - Attempted - Not Known - Unable to Forward."  For the reasons that follow, this action will be dismissed without prejudice for failure to prosecute.

**II.    Discussion**

When Plaintiff had first initiated this lawsuit he was provided with a copy of this Court's Standing Practice Order which provides, in relevant part, as follows:

> A pro se plaintiff has the affirmative obligation to keep the court
> informed of his or her address. Should such address change in the
> course of this litigation, the plaintiff shall immediately inform the
> court of such change, in writing.  If the court is unable to communicate
> with the plaintiff because the plaintiff has failed to notify the court of
> his or her address the plaintiff will be deemed to have abandoned the
> lawsuit.

(Doc. 5.)

When a plaintiff fails to prosecute a case or comply with an order of court, dismissal of his action is appropriate.  See Federal Rule of Civil Procedure 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). A review of the record reveals that Plaintiff was released from prison quite some time ago, and was residing at the Pittsburgh address that appears in the docket.  At some point he changed residence, but has never advised this Court of his new address.  Consequently, he has

---

[1] Plaintiff had originally submitted a motion to proceed in forma pauperis in this matter and an authorization form.  Thereafter, an Administrative Order was issued and service of the complaint directed.  The matter was proceeding when the Court discovered that prior to instituting this action Plaintiff had, on at least five (5) occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  The Court further found that based upon the allegations set forth in the complaint, there existed no basis for Plaintiff to argue that he was under imminent danger of serious physical injury at the time the complaint in this action was filed.  As such, he was directed to submit the full filing fee in this action within twenty (20) days.

clearly failed to comply with a requirement of the Court's Standing Practice Order.

Moreover, Plaintiff's failure has prevented the Court from contacting him with regard to proceedings in this action.  It would be a waste of judicial resources to allow this action to continue. The Court is satisfied that based upon the present circumstances and the passage of time since Plaintiff's release from prison, the dismissal of this action without prejudice for failure to prosecute is warranted.

**III.    Order**

**NOW, THEREFORE, THIS 9th  DAY OF APRIL, 2007, IT IS HEREBY ORDERED THAT:**

1. This action is dismissed without prejudice for failure to prosecute.

2. The Clerk of Court is directed to close this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania